EXHIBIT A

**FILED**
**7/20/2022 9:49 AM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

| | | |
|---|---|---|
| NICHOLAS JAWNY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 22LA00000322 |
| | ) | |
| HOME DEPOT U.S.A., INC., | ) | |
| a foreign corporation, | ) | *Plaintiff Demands Trial by Jury* |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AT LAW

Plaintiff, NICHOLAS JAWNY, through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, HOME DEPOT U.S.A., INC., (hereinafter "HOME DEPOT") a foreign corporation, states as follows:

### COUNT I – DIRECT NEGLIGENCE
### HOME DEPOT U.S.A., INC.

1.     On and before March 11, 2021 and at all times relevant hereto, Defendant, HOME DEPOT, owned, operated, managed, maintained and/or controlled a home improvement retail store commonly known as Home Depot located at 2371 Hartigan Road, Ingleside, Lake County, Illinois ("Store").

2.     On and before March 11, 2021 and at all times relevant hereto, HOME DEPOT owned, operated, maintained, inspected, and/or controlled the premises in and around said store.

3.     On and before March 11, 2021, and at all times relevant hereto, HOME DEPOT invited persons onto its premises for the purpose of selling construction-related products, tools, equipment and/or other materials including but not limited to exterior railing products.

4.     On March 11, 2021 and at all times relevant hereto, an unsecured product owned, controlled and maintained by HOME DEPOT, existed on the shelf above the exterior railing

**NOTICE**
**PURSUANT TO LCR - 2-2.14**
THIS CASE IS HEREBY SET FOR AN INITIAL CASE MANAGEMENT CONFERENCE
IN COURTROOM __C202__ ON
October 6, 2022 _____ AT _____ 9:00 a A.M./P.M.
**FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR**
**AN ORDER OF DEFAULT BEING ENTERED.**

6020220817037818

products, obscured by a display, placed there by currently unknown authorized employees, agents, and/or apparent agents of HOME DEPOT.

5.      On March 11, 2021 and at all times relevant hereto, HOME DEPOT permitted the unsecured product to be placed in an obscured, unsecured, unstable and/or otherwise dangerous condition in the Store above where customers were known to select items for purchase.

6.      On March 11, 2021, Plaintiff, NICHOLAS JAWNY (hereinafter "JAWNY"), was a patron and business invitee at the aforementioned premises and was lawfully present at said Store intending to purchase materials.

7.      On March 11, 2021, JAWNY was removing an exterior railing product from the lower shelf to purchase when an obscured and unsecured product located on an upper shelf above the exterior railing product fell down onto JAWNY, knocking him unconscious.

8.      On and before March 11, 2021, HOME DEPOT knew or in the exercise of reasonable care should have known that the placement of an obscured, unstable and unsecured product on the shelf above an area where customers were known to select items for purchase at the aforesaid Store created a hazard.

9.      On and before March 11, 2021, HOME DEPOT knew or in the exercise of reasonable care should have known that the obscured, unstable and unsecured product that existed on the shelf above an area where customers were known to select items for purchase at the aforesaid Store created an unsafe and dangerous condition.

10.     On and before March 11, 2021, HOME DEPOT knew or in the exercise of reasonable care should have known that the area in which the obscured, unstable and unsecured product existed was an area that business invitees, including JAWNY, would encounter and select items from beneath while shopping at the Store.

11.     On and before March 11, 2021, HOME DEPOT could reasonably expect that business invitees at the aforesaid premises would not discover or realize the presence of the obscured, unstable and unsecured product that existed on the shelf at the Store.

12.     On and before March 11, 2021, HOME DEPOT had a duty to maintain the aforesaid premises in a reasonably safe manner so as to avoid injuries to persons lawfully on the premises, including JAWNY.

13.     Notwithstanding said duty and in breach thereof, HOME DEPOT, committed one or more of the following negligent acts and/or omissions:

a.  Negligently and carelessly failed to warn Plaintiff, JAWNY, of the dangerous condition;

b.  Negligently and carelessly failed to train and/or teach its currently unknown authorized employees, agents and/or apparent agents on how to warn customers of the hazard posed by the unsecured product on the overhead shelf;

c.  Negligently and carelessly failed to have the premises in a safe condition for Plaintiff, JAWNY, as a patron and invitee;

d.  Negligently and carelessly failed to properly inspect or maintain the aforesaid premises,

e.  Negligently and carelessly permitted the area where Plaintiff was shopping to become and remain in a dangerous condition;

f.  Negligently and carelessly failed to secure the product in the overhead shelf;

g.  Negligently and carelessly placed an unsecured and unstable product in the overhead shelf;

h.  Negligently and carelessly failed to train and/or teach its currently unknown authorized employees, agents and/or apparent agents on how to properly store items on overhead shelving;

i.  Negligently and carelessly failed to train and/or teach its currently unknown authorized employees, agents and/or apparent agents on how to erect or position warning signs, triangles and/or cones to warn customers of the hazard posed by the unsecured product on the overhead shelf;

    j.   Negligently and carelessly failed to create, utilize and enforce adequate rules and procedures for its currently unknown authorized employees, agents and/or apparent agents on storage of items on overhead shelves;

    k.   Negligently and carelessly failed to train its currently unknown authorized employees, agents and/or apparent agents on how to properly inspect the Store premises so as to detect dangerous conditions that could cause items to fall upon Plaintiff, including the obscured, unstable and unsecured product; and

    l.   Negligently and carelessly failed to train and/or teach its currently unknown authorized employee, agent and/or apparent agent on how to place, control and/or secure the product properly and safely in an area where it was known customers would be present and selecting items for purchase.

14.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of HOME DEPOT, Plaintiff, NICHOLAS JAWNY, was caused get hit by a falling object and sustain injuries of a personal, permanent and pecuniary nature.

WHEREFORE, Plaintiff, NICHOLAS JAWNY, prays that judgment be entered in his favor and against Defendant, HOME DEPOT U.S.A., INC., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT II – VICARIOUS LIABILITY
## HOME DEPOT U.S.A., INC.

1.    On and before March 11, 2021 and at all times relevant hereto, Defendant, HOME DEPOT, owned, operated, managed, maintained and/or controlled a home improvement retail store commonly known as Home Depot located at 2371 Hartigan Road, Ingleside, Lake County, Illinois ("Store").

2.    On and before March 11, 2021 and at all times relevant hereto, HOME DEPOT owned, operated, maintained, inspected, and/or controlled the premises in and around said store.

3.    On and before March 11, 2021, and at all times relevant hereto, HOME DEPOT invited persons onto its premises for the purpose of selling construction-related products, tools, equipment and/or other materials including but not limited to exterior railing products.

4.     On March 11, 2021 and at all times relevant hereto, an unsecured product owned, controlled and maintained by HOME DEPOT, existed on the shelf above the exterior railing products, obscured by a display, placed there by currently unknown authorized employees, agents, and/or apparent agents of HOME DEPOT.

5.     On March 11, 2021 and at all times relevant hereto, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, permitted the unsecured product to be placed in an obscured, unsecured, unstable and/or otherwise dangerous condition in the Store above where customers were known to select items for purchase.

6.     On March 11, 2021, Plaintiff, NICHOLAS JAWNY (hereinafter "JAWNY"), was a patron and business invitee at the aforementioned premises and was lawfully present at said Store intending to purchase materials.

7.     On March 11, 2021, JAWNY was removing an exterior railing product from the lower shelf to purchase when an obscured and unsecured product located on an upper shelf above the exterior railing product fell down onto JAWNY, knocking him unconscious.

8.     On and before March 11, 2021, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, knew or in the exercise of reasonable care should have known that the placement of an obscured, unstable and unsecured product on the shelf above an area where customers were known to select items for purchase at the aforesaid Store created a hazard.

9.     On and before March 11, 2021, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, knew or in the exercise of reasonable care should have known that the obscured, unstable and unsecured product that existed

on the shelf above an area where customers were known to select items for purchase at the aforesaid Store created an unsafe and dangerous condition.

10. On and before March 11, 2021, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, knew or in the exercise of reasonable care should have known that the area in which the obscured, unstable and unsecured product existed was an area that business invitees, including JAWNY, would encounter and select items from beneath while shopping at the Store.

11. On and before March 11, 2021, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, could reasonably expect that business invitees at the aforesaid premises would not discover or realize the presence of the obscured, unstable and unsecured product that existed on the shelf at the Store.

12. On and before March 11, 2021, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, had a duty to maintain the aforesaid premises in a reasonably safe manner so as to avoid injuries to persons lawfully on the premises, including JAWNY.

13. Notwithstanding said duty and in breach thereof, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, committed one or more of the following negligent acts and/or omissions:

      a. Negligently and carelessly failed to warn Plaintiff, JAWNY, of the dangerous condition;

      b. Negligently and carelessly failed to warn customers of the hazard posed by the unsecured product on the overhead shelf;

      c. Negligently and carelessly failed to have the premises in a safe condition for Plaintiff, JAWNY, as a patron and invitee;

d. Negligently and carelessly failed to properly inspect or maintain the aforesaid premises,

e. Negligently and carelessly permitted the area where Plaintiff was shopping to become and remain in a dangerous condition;

f. Negligently and carelessly failed to secure the product in the overhead shelf;

g. Negligently and carelessly placed an unsecured and unstable product in the overhead shelf;

h. Negligently and carelessly failed to properly store items on overhead shelving;

i. Negligently and carelessly failed to erect or position warning signs, triangles and/or cones to warn customers of the hazard posed by the unsecured product on the overhead shelf;

j. Negligently and carelessly failed to properly inspect the Store premises so as to detect dangerous conditions that could cause items to fall upon Plaintiff, including the obscured, unstable and unsecured product; and

k. Negligently and carelessly failed to place, control and/or secure the product properly and safely in an area where it was known customers would be present and selecting items for purchase.

14. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, Plaintiff, NICHOLAS JAWNY, was caused get hit by a falling object and sustain injuries of a personal, permanent and pecuniary nature.

WHEREFORE, Plaintiff, NICHOLAS JAWNY, prays that judgment be entered in his favor and against Defendant, HOME DEPOT U.S.A., INC., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

/s/Kristofer S. Riddle
Attorney for Plaintiff

Kristofer S. Riddle
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, 36th Floor
Chicago, Illinois 60602
KSR@cliffordlaw.com
ph: (312) 899-9090
fax: (312) 251-1160
ARDC #: 6306828

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

**FILED**
**7/20/2022 9:49 AM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

|   |   |
|---|---|
| NICHOLAS JAWNY | ) |
|  | ) |
| Plaintiff(s) | ) |
|  | ) |
| vs. | ) |
|  | ) |
|  | ) |
| HOME DEPOT, U.S.A., INC., a foreign corporation | ) |
| Defendant(s) | ) |

Gen No: 22LA00000322

AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222 (B)

Pursuant to Supreme Court Rule 222 (B), counsel for the above-named plaintiff certifies that plaintiff seeks money damages in excess of Fifty Thousand and 00/100 Dollars ($50,000).

By

/s/Kristofer S. Riddle

Attorneys for Plaintiff

Prepared by:
Name: Kristofer S. Riddle                    Pro Se ☐
Address: 120 N. LaSalle Street, Suite 3600
City: Chicago                    State: IL
Phone: 312-899-9090          Zip Code: 60602
ARDC #: 6306828
Fax: 312-251-1160
E-mail address: ksr@cliffordlaw.com

#171-312 (Rev 12/17)

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

**FILED**
**7/20/2022 9:49 AM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

NICHOLAS JAWNY                                    )
                                                  )
_____                 )
                      Plaintiff(s)                )
                                                  )
        vs.                                       )
                                                  )
                                                  )
HOME DEPOT, U.S.A., INC., a foreign corporation   )
_____                 )
                      Defendant(s)                )

22LA00000322

Gen No: _____

**JURY DEMAND**

The ☑ plaintiff(s) ☐ defendant(s) in the above entitled cause demand a jury for trial of said cause.

By: /s/Kristofer S. Riddle
    _____
             Their Attorney(s)/Pro Se

Prepared by:
Attorney's Name: Kristofer S. Riddle
Address: 120 N. LaSalle St., Ste. 3600
City: Chicago                    State: IL
Phone: 312-899-9090     Zip Code: 60602
ARDC: 6306828
Fax: 312-251-1161
E-mail address: ksr@cliffordlaw.com

171-109 (Rev 10/13)